

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

Thimisha Ragin-Stephens
and **Henry Stephens Jr**
Plaintiff's. Self-Represented

V.

Federal Civil Action
File NO. _____

3:25-CV-260

TESLA, INC.,
SANDTANDER CONSUMER USA, INC.,
SOLOMON & BAGGET, LLC,
AND JOHN DOES 1-10
Defendants.


## COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

Plaintiffs Thimisha Ragin-Stephens and Henry Stephens, Jr. file this Complaint against Tesla, Inc., Santander Consumer USA, Inc., and Solomon & Baggett, LLC, and John DOES 1-10 and state as follows:


# I. INTRODUCTION AND SUMMARY OF ACTION

This action arises under the Truth in Lending Act (TILA), Equal Credit Opportunity Act (ECOA), Fair Debt Collection Practices Act (FDCPA), Consumer Financial Protection Act (CFPA), Georgia Fair Business Practices Act (GFBPA), and Georgia common law. Plaintiffs seek redress for a coordinated pattern of misconduct by Tesla, Inc., Santander Consumer USA, and Solomon & Baggett, LLC, including fabricated allegations of default, deceptive communications, remote vehicle disablement, interference with medication access, emotional and financial harm, and the filing of a baseless Writ of Possession supported by a false sworn affidavit.

Plaintiffs executed a valid Retail Installment Sales Contract on July 3, 2025 Tesla accepted the contract, delivered possession of the vehicle, and issued valid temporary registration. Under Georgia law, these actions consummated the sale and vested Plaintiffs with equitable and possessory ownership rights.

Page 1 of 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

No payment was due until August 17, 2025. Despite this, Tesla issued contradictory and misleading statements—claiming the loan was not funded, claiming the contract was invalid due to "added verbiage," demanding a new "clean" contract, and simultaneously asserting that a lien existed requiring Santander's approval for export. These inconsistencies were used to pressure Plaintiffs into re-signing documents they were not legally obligated to sign.

When Plaintiffs refused to sign altered documents, Tesla escalated. Without notice, Tesla remotely disabled the vehicle, depriving Plaintiffs of transportation and leaving medication related to Plaintiff's treatment locked inside. Tesla did not restore access even after Plaintiffs informed them through email of the medical circumstances. Instead, Plaintiff contacted Tesla multiple times seeking help. Tesla did not meaningfully respond until repeated calls, ultimately resulting in a Tesla representative finally answering the call and giving limited access to the car so someone could retrieve the medicine.

Tesla imposed a coercive 24-hour surrender ultimatum, despite knowing that no payment was due and no contractual default existed. Plaintiffs' emotional distress intensified, requiring prescription medication for anxiety, loss of sleep, and significant lifestyle disruption, including relying on family for transportation and renting vehicles for work and family obligations.

Tesla and its collection counsel Solomon & Baggett then filed a Writ of Possession based on a fabricated default, supported by a sworn affidavit directly contradicted by Defendants' internal communications. This filing constituted abuse of process, bad-faith litigation, and an attempt to manufacture a default after the fact to compel surrender of the vehicle. Santander did not file the Writ but contributed materially to the contradictions and confusion leading to the wrongful action.

Defendants' conduct caused Plaintiffs severe emotional distress, financial losses, medical disruption, loss of use of property, reputational injury, and unnecessary litigation costs. Plaintiffs assert claims for TILA violations, ECOA violations, FDCPA violations, UDAP/GFBPA violations, civil conspiracy, abuse of process, bad-faith litigation, intentional and negligent infliction of emotional distress, unjust enrichment, wrongful lien, loss of use, and other Georgia torts.

Plaintiffs seek declaratory and injunctive relief, statutory damages, compensatory damages, equitable remedies including constructive trust, and punitive damages under O.C.G.A. § 51-12-5.1 to deter similar misconduct.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

# II. JURISDICTION AND VENUE

1. Federal Question Jurisdiction.

This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiffs assert claims arising under the laws of the United States, including the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and the Consumer Financial Protection Act (CFPA), 12 U.S.C. §§ 5531 and 5536, which prohibit unfair, deceptive, and abusive acts and practices in consumer financial transactions.

2. Supplemental Jurisdiction.

This Court has supplemental jurisdiction over Plaintiffs' related state-law claims—including civil conspiracy, fraud, wrongful lien, quiet title, abuse of process, breach of contract, conversion, negligent and willful failure to file title, and violations of the Georgia Fair Business Practices Act—pursuant to 28 U.S.C. § 1367, because these claims arise from the same nucleus of operative facts as the federal claims.

3. Diversity-Like Considerations

Although complete diversity is not asserted, the parties reside in or conduct substantial business within Georgia, and the amount in controversy exceeds $75,000, further supporting federal jurisdiction when considered alongside the federal claims.

4. Personal Jurisdiction.

The Court has personal jurisdiction over all Defendants because they regularly conduct business in Georgia, transact with Georgia consumers, derive substantial revenue from activities within the state, and committed the acts and omissions described herein within Georgia or directed toward residents of Georgia.

5. Venue.

Venue is proper in this District under 28 U.S.C. § 1391(b) because:

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

- A substantial part of the events giving rise to Plaintiffs' claims occurred within the Northern District of Georgia,

- Plaintiffs reside within this District,

- Defendant Tesla maintains operations within this District,

- Defendant Santander conducts financing and lending activities directed to consumers within this District, and

- Defendant Solomon & Baggett is headquartered and conducts debt-collection operations within this District.

6. Declaratory and Injunctive Authority.

This Court is authorized to grant declaratory relief under 28 U.S.C. §§ 2201–2202 and equitable or injunctive relief pursuant to federal-law claims, including the CFPA, TILA, and its inherent equitable powers to address wrongful liens, quiet title, constructive trusts, and ongoing abusive practices

# III. PARTIES

1. Plaintiffs.

Thimisha Ragin-Stephens and Henry Stephens, Jr. ("Plaintiffs") are natural persons residing in Carroll County, Georgia. Plaintiffs are consumers within the meaning of federal and state consumer-protection statutes, including TILA, the FDCPA, and the CFPA. Plaintiffs lawfully purchased and took possession of a 2026 Tesla Model Y on July 3, 2025, and all events relevant to this action occurred while Plaintiffs resided in the State of Georgia.

2. Defendant Tesla, Inc.

Defendant Tesla, Inc. ("Tesla") is a Delaware corporation headquartered at 45500 Fremont Blvd., Fremont, California 94538, and conducts substantial business throughout Georgia, including the sale, financing arrangement, delivery, remote control, and servicing of Tesla vehicles. Tesla is a "covered person" under the Consumer Financial Protection Act and a "creditor" under TILA and Regulation Z in connection with retail installment contracts for vehicle financing.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

3. Defendant Santander Consumer USA, Inc.

Defendant Santander Consumer USA, Inc. ("Santander") is a national auto finance company conducting business within Georgia as a lender and servicer of retail installment sales contracts.

Santander is a "creditor," "lender," and "covered person" under federal consumer financial laws. Santander authorized Tesla to act as its agent for purposes of preparing, processing, and submitting finance applications and RISCs on its behalf.

4. Defendant Solomon & Baggett, LLC.

Defendant Solomon & Baggett, LLC ("Solomon & Baggett") is a Georgia law firm engaged in debt-collection activity. The firm regularly attempts to collect consumer auto debts in Georgia and is a "debt collector" under the FDCPA as well as a "covered person" under the CFPA. Solomon & Baggett sent dunning letters, asserted a false debt, and initiated a baseless Writ of Possession action against Plaintiffs based on fabricated and contradictory information provided by Tesla and Santander.

5. Doe Defendants 1–10.

Plaintiffs also sue Doe Defendants 1–10, whose identities are presently unknown but who participated directly or indirectly in the conduct described herein, including but not limited to Tesla's Funding Resolution Team personnel, internal repossession coordinators, Santander underwriters, and agents responsible for debt reporting, collections, or litigation decisions. Each acted as an agent, joint conspirator, or co-tortfeasor.

6. Agency and Joint Conduct.

At all relevant times, each Defendant acted individually and in concert with one another, and with actual or apparent authority, to accomplish the wrongful acts described in this Complaint. Tesla, Santander, and Solomon & Baggett shared access to Plaintiffs' financial information, contract records, alleged lien details, and purported default data, and relied on one another's representations in furtherance of a coordinated wrongful scheme.

7. Vicarious Liability and Respondeat Superior.

Each Defendant is liable for the acts of its employees, agents, contractors, attorneys, and representatives. All wrongful acts committed by such individuals were undertaken within the

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

scope of their employment and in furtherance of Defendants' business objectives, including collecting alleged debts, enforcing alleged liens, and compelling Plaintiffs to re-sign finance documents under duress.


# IV. STATEMENT OF FACTS

A. Plaintiffs Lawfully Purchased the Vehicle and Tesla Accepted the Executed Contract

1.  On July 1, 2025, Plaintiff Thimisha Ragin-Stephens began an online application to purchase a 2026 Tesla Model Y, adding her husband Henry Stephens, Jr. as co-signer. Tesla's automated system approved both Plaintiffs for financing.

2.  On July 3, 2025, Plaintiffs appeared in person at a Tesla delivery center to execute the Retail Installment Sales Contract ("RISC"). Plaintiffs expressly opted out of electronic signatures and executed all documents using wet-ink signatures.

3.  Tesla accepted the signed RISC, delivered possession of the vehicle (VIN ending in 8419), issued valid temporary registration, and allowed Plaintiffs to drive the vehicle home. Under Georgia law, this constituted consummation of the sale and vested Plaintiffs with both equitable and possessory ownership.

4.  Tesla's subsequent conduct demonstrates that it acknowledged the contract was operative: Plaintiffs received registration paperwork, loan documentation showing Santander as lienholder, and an IRS confirmation letter.


B. Tesla Immediately Began Contradicting Its Own Acceptance of the Contract

5.  On July 8, 2025, Tesla contacted Plaintiffs claiming there was an "issue finalizing the loan." Plaintiffs requested written communication because Plaintiff Thimisha was out of town.

6.  Tesla's Funding Resolution Team then emailed Plaintiffs stating:

- "Your loan is not finalized."

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

- "We have not received payment for the vehicle."

- "Santander will not fund your loan."

    ( )

7. These statements directly contradicted Tesla's prior actions:

- accepting the signed RISC,

- delivering the vehicle,

- issuing temporary tags, and

- listing Santander as lienholder.

C. Tesla Escalates With Coercive Threats and Contradictory Positions

8. On July 9–11, 2025, Tesla repeatedly claimed the contract was "invalid" because of Plaintiffs' handwritten notation: "Pay to the order of, without recourse, UCC 1-308."

9. Tesla demanded Plaintiffs sign a new "clean" RISC stripped of their reservation of rights, threatening:

- "collections,"

- "recovery of the vehicle," and

- increased financing rates.

10. Plaintiffs responded that the contract was complete, valid, and enforceable under Georgia law. They refused coercive demands but agreed to review additional documents only under protest.

11. In a key contradiction, Tesla simultaneously claimed:

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

- the contract was not finalized,

- no loan existed,

  yet also insisted that:

- "taking a financed vehicle out of the United States requires permission from your lender, Santander Consumer USA… because the lender retains a lien."

12. Tesla could not logically assert both positions. Either the contract was finalized (creating a lien) or it was not. Tesla used whichever position suited its leverage in the moment.

D. Tesla Claims the Vehicle Was "Found Overseas" — A Fabricated Default Trigger

13. Tesla later asserted Plaintiffs had committed a "material breach" because the vehicle was allegedly "found overseas," an unsubstantiated claim made to justify accelerating the debt and demanding immediate return of the vehicle.

14. Plaintiffs never transported the vehicle overseas. Tesla provided proof to this by way of a report. The claim appears pretextual and manufactured to justify repossession threats.

E. Plaintiff declared that they did not receive the First packet.

15. Tesla mailed a new contract packet requiring 18 signatures.

16. Tesla later admitted the packet was "lost" and sent a replacement with a 48-hour return deadline, despite Tesla's inconsistent communications.

F. Plaintiffs Issue a Formal Notice of Tesla's Breach and Demand Compliance With Georgia Law

17. On July 24, 2025, Plaintiffs sent Tesla and Santander a formal notice asserting that the contract was complete and binding. Plaintiffs cited:

- O.C.G.A. § 40-2-33, requiring Tesla to file title within 30 days;

- O.C.G.A. § 10-1-393, prohibiting deceptive and coercive business practices.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

18. Plaintiffs demanded Tesla either file the registration or provide the Manufacturer's Certificate of Origin (MCO) within five business days.

G. Tesla Responds With False Default, Debt Collection, and Remote Immobilization

19. In response to Plaintiffs' notice, Tesla escalated dramatically:

- 12:09 PM: Tesla threatened to send the account to collections.

- 12:42 PM: Tesla issued a written notice falsely claiming a balance of $42,936.06 was "due in full," threatening repossession within seven days.

- Later: Tesla transmitted debt-collection statements asserting Plaintiffs were in "material breach."

20. At this time, no payment was due. Plaintiffs' first installment was scheduled for August 17, 2025. Defendants knowingly fabricated a default.

21. On July 25, 2025, Tesla remotely disabled the vehicle, locking Plaintiffs out of their own property and preventing access to chemotherapy medication stored inside.

22. Plaintiff Thimisha missed two chemotherapy doses and experienced physical and emotional distress as a result.

23. Tesla refused to restore access until nearly 24 hours later, after multiple calls and emails.

H. Tesla Sends a Repossession Agent to Plaintiffs' Home Without Legal Authority

24. On July 28, 2025, Tesla dispatched a repossession agent to Plaintiffs' residence, despite:

- the absence of any default,

- Tesla's own statements that the contract was not finalized,

Page 1 of 9

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

- the lack of title filing by Tesla,

- the absence of any court order.

25. The agent's presence caused embarrassment, fear, and humiliation in front of neighbors.

## I. Solomon & Baggett Joins the Scheme

26. On August 11, 2025, Plaintiffs received a debt-collection letter from Solomon & Baggett, asserting Tesla's alleged debt and threatening legal action.

27. Plaintiffs immediately disputed the debt and demanded validation under the FDCPA.

28. On September 13, 2025, Solomon & Baggett responded by attaching the same contract Tesla claimed was invalid, demonstrating knowledge of the contradiction but proceeding anyway.

## J. The Baseless Writ of Possession

29. On September 19, 2025, Solomon & Baggett filed a Writ of Possession action alleging Plaintiffs were indebted to Tesla.

30. The allegation was false. Tesla had admitted in writing that no loan had been funded.

31. Plaintiffs filed an answer denying default and demanding strict proof.

## K. The State Court's Order Reveals Tesla's Objective: Manufacturing Default Through Litigation

32. The state court denied Plaintiffs' Motion to Dismiss, stating Tesla "may introduce evidence which will sustain a grant of relief."

33. This statement demonstrates Tesla filed the writ without existing evidence of default, intending to create that evidence retroactively using the judicial process.

34. A writ of possession requires actual default at the time of filing—not speculation, fabrication, or future evidence.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

35. Tesla misused the court system to achieve collateral objectives:

- forcing re-signing,

- validating an otherwise invalid lien,

- legitimizing the remote immobilization,

- and pressuring Plaintiffs into surrendering the vehicle.

L. Defendants' Coordinated Conduct Forms a Single, Continuous Scheme

36. Tesla, Santander, and Solomon & Baggett acted jointly to:

- fabricate a default,

- assert a false lien,

- threaten collections,

- immobilize the vehicle,

- interfere with medical treatment,

- dispatch repossession agents,

- and misuse court processes.

37. Their combined actions deprived Plaintiffs of property, dignity, health stability, and legal rights.

Page 1 of 11

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

# V. CAUSES OF ACTION

## COUNT 1 — VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

(15 U.S.C. § 1692 et seq.)

Against Solomon & Baggett, LLC and Tesla's Repossession/Collection Units

Plaintiffs re-allege all preceding paragraphs.

1. Plaintiffs are "consumers" and the alleged financial obligation is a "debt" within the meaning of the FDCPA.

2. Solomon & Baggett is a "debt collector," and Tesla, through its "Error Resolution," "Funding Resolution," and "Repossession" departments, engaged in debt-collection activity.

3. Defendants violated the FDCPA by:

a. falsely representing the character, amount, or legal status of a debt (§1692e(2)(A));

b. threatening repossession without the legal right to do so (§1692e(5));

c. using false and misleading representations (§1692e);

d. engaging in conduct whose natural consequence was to harass, oppress, or abuse (§1692d);

e. attempting to collect an alleged debt before the first payment was due (§1692f);

f. failing to provide proper debt validation (§1692g).

4. Plaintiffs suffered emotional distress, fear, humiliation, and legal expenses as a result.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

## COUNT 2 — VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT (GFBPA)

O.C.G.A. § 10-1-393

1. Tesla engaged in unfair and deceptive acts by:

- accepting the RISC, then denying its validity;

- delivering the vehicle, then claiming no financing existed;

- misrepresenting Plaintiffs' default status;

- remote disabling the vehicle;

- using coercive, misleading statements to obtain re-signatures.

2. These acts occurred in trade and commerce and harmed Plaintiffs.

3. Plaintiffs are entitled to treble damages and attorney's fees.

## COUNT 3 — BREACH OF CONTRACT

Against Tesla and Santander

1. Plaintiffs executed a valid RISC on July 3, 2025.

2. Tesla accepted the contract, delivered the vehicle, and issued registration.

3. Tesla breached by:

- refusing to honor the original terms;

- attempting to force re-signing;

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

- declaring the contract invalid;

- failing to submit title within 30 days;

- remotely disabling the vehicle;

- initiating repossession without any default.

4. Plaintiffs performed all obligations — and no payment had come due.

## COUNT 4 — ABUSE OF PROCESS

Against All Defendants

1. Defendants misused the judicial process by filing a Writ of Possession action despite knowing:

- the contract was allegedly "not finalized,"

- no loan was funded,

- no payment was due,

- no default existed.

2. The writ was filed to coerce Plaintiffs into re-signing the contract or surrendering the vehicle.

3. The state court's statement that "Plaintiff may introduce evidence which will sustain a grant of relief" demonstrates the writ was used to manufacture a default instead of proving one existed.

4. Defendants' use of the courts for collateral purposes caused Plaintiffs harm.

## COUNT 5 — CIVIL CONSPIRACY

Against Tesla, Santander, and Solomon & Baggett

1. A civil conspiracy exists where two or more parties act together to accomplish an unlawful end or a lawful end by unlawful means.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

2. Tesla, Santander, and Solomon & Baggett acted in concert to create and enforce a false default.

3. Evidence of agreement includes:

- Tesla's contradictory emails (loan "not finalized" vs. "lien exists"),

- Santander's role in enabling Tesla's shifting positions,

- Solomon & Baggett's enforcement of a debt Tesla claimed did not exist.


4. Through coordinated overt acts, Defendants sought to obtain property, signatures, and leverage by deception and coercion.


# COUNT 6 — FRAUD (Actual & Constructive Fraud)

Against All Defendants

1. Defendants knowingly misrepresented:

- the contract's validity,

- the funding status,

- the lien status,

- the existence of a default,

- threat of collections,

- false "material breach" (vehicle allegedly overseas).


2. These misrepresentations were intended to force re-signing or surrender.

3. Plaintiffs relied on these statements to their detriment.


# COUNT 7 — TRUTH IN LENDING ACT (TILA) VIOLATIONS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

15 U.S.C. § 1601 et seq.

Against Tesla and Santander

1. Tesla and Santander are "creditors" under TILA.

2. TILA requires accurate disclosures and prohibits post-consummation changes to material terms.

3. Violations include:

a. attempting to alter the contract after consummation;

b. falsely claiming the contract was "invalid";

c. attempting to accelerate the entire balance based on a fabricated "material breach";

d. threatening to impose different financing terms without providing new, accurate disclosures;

e. misrepresenting Plaintiffs' payment obligations;

f. using post-consummation coercion to force new disclosures.

4. Plaintiffs suffered actual damages and statutory damages.


# COUNT 8 — CONVERSION

Against Tesla

1. Tesla wrongfully exercised dominion and control over Plaintiffs' vehicle by:

- remote immobilization,

- denying access to stored medical medication,

- dispatching a repossession agent.


2. Plaintiffs were deprived of lawful use and possession.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

## COUNT 9 — WRONGFUL LIEN

Against Tesla and Santander

1. A lien cannot attach if the contract is not finalized or funded.

2. Tesla and Santander:

- claimed a lien existed,

- used that false lien to justify disablement, repossession, and collections,

- contradicted their own statements that no loan had been funded.

3. Plaintiffs suffered damages.

## COUNT 10 — QUIET TITLE (Declaratory Relief as to Lien Validity)

1. A controversy exists regarding whether Tesla and Santander hold any lawful lien.

2. Given Defendants' contradictory statements, the lien is clouded and must be adjudicated.

3. Plaintiffs request a declaration that Defendants hold no valid lien.

## COUNT 11 — CONSTRUCTIVE TRUST & EQUITABLE RELIEF

1. Defendants' wrongful acts entitle Plaintiffs to a constructive trust over:

- the vehicle,

- its title,

- any proceeds or rights claimed by Defendants.

2. Plaintiffs also seek injunctions preventing repossession, disablement, or transfer.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

## COUNT 12 — VIOLATION OF THE CONSUMER FINANCIAL PROTECTION ACT (CFPA)

(12 U.S.C. §§ 5531 and 5536)

Federal UDAP

1. Tesla, Santander, and Solomon & Baggett engaged in unfair, deceptive, and abusive acts, including:

- false default,

- coercion to re-sign,

- immobilization of essential property,

- using contradictory statements to confuse and pressure Plaintiffs.

2. These acts violated federal law and caused substantial injury.

## COUNT 13 — NEGLIGENT & WILLFUL FAILURE TO FILE TITLE

O.C.G.A. § 40-2-33

1. Tesla was required to submit title and registration within 30 days.

2. Tesla willfully refused to file the title to create leverage and justify false default.

## COUNT 14 — VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT (ECOA)

15 U.S.C. § 1691(d); 12 C.F.R. § 1002.9

Against Tesla and Santander

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

Plaintiffs re-allege all preceding paragraphs.

1. Tesla and Santander are "creditors" under ECOA and Regulation B because they participated in extending, arranging, processing, and reviewing Plaintiffs' automobile credit transaction.

2. ECOA requires creditors to issue a written adverse action notice when they:

a. deny credit;

b. revoke credit;

c. refuse to honor an executed credit contract;

d. change or condition previously approved credit terms;

e. state that financing will not be extended; or

f. treat a credit application as incomplete and terminate review.

12 C.F.R. § 1002.9(a), (c).

3. Each adverse action notice must contain:

a. a specific statement of the reasons for the action;

b. a statement of the applicant's rights;

c. the name and address of the creditor;

d. the ECOA and CFPB regulatory notice.

12 C.F.R. § 1002.9(b).

4. The "specific reasons" permitted under ECOA and Regulation B include only:

- insufficient credit history;

- delinquent or adverse credit obligations;

- unverifiable income;

Page 1 of 19

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

- excessive obligations;

- inadequate collateral;

- inability to confirm identity;

- incomplete application;

- documented fraud indicators;

- employment instability.

5. None of Tesla's or Santander's stated reasons for refusing to honor Plaintiffs' executed contract fall within any ECOA-recognized category.

Tesla's written statements included:

a. "Your loan is not finalized";

b. "Santander will not fund your loan";

c. "Your contract contains extra verbiage";

d. "Your signature is not acceptable";

e. "You must sign a clean version";

f. "We have not been paid by the lender."

( )

6. These reasons are not valid adverse action grounds and do not appear anywhere in ECOA or Regulation B.

7. Tesla and Santander further violated ECOA by:

a. revoking credit without issuing a required written notice;

b. refusing to honor the executed RISC while claiming the loan was "not finalized";

c. treating the executed contract as invalid without explanation;

Page 1 of 20

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

d. conditioning credit approval on the removal of Plaintiffs' lawful reservation-of-rights notation;

e. threatening increased interest rates unless Plaintiffs re-signed;

f. fabricating a "material breach" based on a false claim the vehicle founded by a report was "found overseas."

8. None of these reasons were disclosed in a written adverse action notice, as required by ECOA.

No notice was ever mailed or electronically delivered.

9. Tesla and Santander materially interfered with Plaintiffs' ability to understand their credit rights by giving contradictory explanations while withholding the legally required ECOA disclosures.

10. Plaintiffs suffered economic harm, emotional distress, loss of access to their vehicle, confusion regarding their rights, and legal expenses as a direct result.

WHEREFORE, Plaintiffs seek statutory damages, actual damages, punitive damages, declaratory relief, injunctive relief, and all remedies permitted under ECOA.


# COUNT 15 — UNJUST ENRICHMENT

Against Tesla, Inc. and Santander Consumer USA

Plaintiffs re-allege all preceding paragraphs.

1. Unjust enrichment applies when one party receives a benefit at another's expense under circumstances that make it inequitable to allow retention of that benefit.

2. Plaintiffs lawfully entered into a Retail Installment Sales Contract ("RISC") on July 3, 2025 and provided consideration in the form of a $7,500 federal clean-vehicle tax credit, which Tesla immediately applied as Plaintiffs' effective down payment toward the purchase of the 2026 Tesla Model Y.

3. Tesla accepted and retained the benefit of this federal incentive, which reduced Plaintiffs' purchase price and constituted a tangible monetary benefit to Tesla.

4. Despite accepting this benefit, Tesla later denied the validity of the executed contract, claimed the loan was "not finalized," asserted Plaintiffs were in default before any payment was due, remotely disabled the vehicle, and ultimately sought to recover the vehicle through a Writ of Possession.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

5. Tesla's conduct demonstrates that it sought to retain Plaintiffs' vehicle and retain the $7,500 benefit—placing Plaintiffs in a financially and legally disadvantaged position.

6. This inequity is reinforced by the September 30, 2025 settlement letter issued by Solomon & Baggett, in which Tesla offered to waive monetary claims only if Plaintiffs voluntarily surrendered the vehicle.

The settlement offer explicitly required Plaintiffs to return the car but made no offer whatsoever to return the $7,500 tax-credit benefit Tesla had already received and retained.

7. Tesla's silence on returning the tax-credit funds—while demanding surrender of the vehicle shows a deliberate attempt to obtain a double recovery:

a. the vehicle itself, and

b. the $7,500 federal incentive tied to Plaintiffs' purchase.

8. Retaining the tax-credit benefit while repudiating the RISC, refusing to honor its terms, and attempting repossession of the vehicle constitutes unjust enrichment.

9. Santander likewise received the economic benefit of Plaintiffs' contract submission by treating the RISC as valid for lien-position purposes, while simultaneously informing Tesla it "would not fund" the same loan—manipulating both positions to Plaintiffs' detriment.

10. Plaintiffs provided Tesla with a substantial economic benefit, conferred under the expectation that Tesla would perform its contractual obligations and honor the sale. Instead, Tesla repudiated the agreement but retained the monetary advantage.

11. Equity and good conscience demand that Defendants not be allowed to retain:

a. the $7,500 tax-credit benefit;

b. any benefit derived from Plaintiffs' signed contract;

c. any advantage gained by their wrongful assertion of lienholder rights.

12. Tesla and Santander have been enriched at Plaintiffs' expense, and retention of those benefits is unjust.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

WHEREFORE, Plaintiffs request restitution, disgorgement of all improperly retained benefits (including the $7,500 federal tax-credit value), declaratory relief, and any additional equitable remedies deemed proper by the Court.


# COUNT 16 — BAD FAITH LITIGATION / FRIVOLOUS FILINGS

O.C.G.A. §§ 9-15-14 and 13-6-11

Against Tesla and Solomon & Baggett

Plaintiffs re-allege all preceding paragraphs.

1. Georgia law prohibits parties from asserting claims or filing pleadings that lack substantial justification, are interposed for improper purpose, or are supported by false sworn statements.

2. Tesla and Solomon & Baggett filed a Writ of Possession action accompanied by a verified complaint and sworn affidavit asserting Plaintiffs were in default and owed the "entire balance" of $42,936.06.

3. At the time of filing, Defendants knew:

a. the loan was allegedly "not finalized";

b. no payment was yet due under the RISC;

c. no default existed;

d. Tesla had claimed Santander refused to fund the loan;

e. Tesla simultaneously claimed that a lien existed;

f. the contradictory internal statements could not support a sworn allegation of default.

4. These contradictions demonstrate Defendants filed the state-court action in bad faith, with no factual basis, and for the ulterior purpose of coercing Plaintiffs to re-execute financing documents, surrender the vehicle, or validate Defendants' fabricated lien position.

5. A filing based on knowingly false statements — especially within a sworn affidavit — constitutes bad faith and frivolous litigation under O.C.G.A. §§ 9-15-14 and 13-6-11.

6. Defendants' misuse of litigation caused Plaintiffs to incur unnecessary trouble and expense, emotional distress, and substantial prejudice.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

7. Plaintiffs are entitled to damages, litigation expenses, sanctions, and all other relief available for bad-faith litigation.

WHEREFORE, Plaintiffs seek damages, litigation expenses, punitive damages, and all further relief permitted under O.C.G.A. §§ 9-15-14 and 13-6-11.

# COUNT 17. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against Tesla, Inc., Santander Consumer USA, and Solomon & Baggett)**

Plaintiffs re-allege all preceding paragraphs.

1.  Defendants engaged in extreme and outrageous conduct that no reasonable member of society should be expected to endure, including disabling Plaintiffs' vehicle, threatening repossession, fabricating a default, filing false sworn affidavits, and coercing Plaintiffs to surrender the vehicle despite knowing no payment was due and the contract was not in default.

2.  Defendants were repeatedly notified that Plaintiff Thimisha Ragin-Stephens was undergoing chemotherapy treatment by way of email that that essential medication was inside the locked vehicle.

3.  Despite this knowledge, Tesla remotely disabled the vehicle, refused to restore access, and issued a 24-hour ultimatum to surrender the vehicle.

4.  The severity of this conduct was recognized even by Tesla's own employee, who broke in an apologetic nature after learning that Tesla's actions had deprived Plaintiff of access to her cancer medication.

5.  As a direct and foreseeable result of Defendants' conduct, Plaintiff suffered extreme emotional distress, including anxiety requiring prescription medication– insomnia, disturbed sleep, fear, humiliation, and mental anguish.

6.  Defendants' conduct was intentional, malicious, reckless, and carried out with conscious indifference to the consequences.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

WHEREFORE, Plaintiffs seek compensatory and punitive damages for intentional infliction of emotional distress.

# COUNT 18– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(Against Tesla, Inc. and Santander Consumer USA)**

Plaintiffs re-allege all preceding paragraphs.

1. Defendants owed Plaintiffs a duty to exercise ordinary care in the handling, servicing, and enforcement of the Retail Installment Contract.

2. Defendants breached that duty by disabling Plaintiffs' vehicle, issuing coercive threats, mishandling financing communications, delaying critical responses, and taking actions that foreseeably endangered Plaintiff's physical and emotional health.

3. Defendants knew or should have known that Plaintiff was medically vulnerable after receiving the email regarding her cancer medicine.

4. As a direct result of Defendants' negligent and reckless conduct, Plaintiff suffered emotional injuries including stress, anxiety, fear, loss of sleep, and the need for prescription medication to manage her symptoms.

5. Plaintiffs' emotional injuries are corroborated by medical documentation, pharmaceutical records, family witness statements, and the escalating series of coercive actions taken by Defendants.

WHEREFORE, Plaintiffs seek all damages permitted under Georgia law for negligent infliction of emotional distress.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

# COUNT 19- LOSS OF USE OF PROPERTY / TRANSPORTATION DAMAGES

(Against Tesla, Inc.)**

Plaintiffs re-allege all preceding paragraphs.

1. Tesla wrongfully deprived Plaintiffs of the use and enjoyment of their vehicle by remotely disabling it, falsely asserting a default, and attempting to seize the vehicle through coercive tactics and litigation misconduct.

2. As a result of being deprived of their vehicle, Plaintiffs were forced to incur substantial transportation expenses, including rental vehicles, gas, ride-sharing costs, and relying on family members for transportation to work and medical appointments.

3. These expenses were a direct and foreseeable result of Tesla's wrongful conduct.

4. Plaintiffs also suffered significant inconvenience, disruption of daily life, and loss of personal autonomy associated with being unable to access their own vehicle.

5. Plaintiffs are entitled to recover damages for loss of use, rental reimbursement, and all reasonably related expenses under Georgia law.

WHEREFORE, Plaintiffs seek compensatory damages for all transportation-related costs and the loss of use of their property.

# COUNT 20 — PUNITIVE DAMAGES

O.C.G.A. § 51-12-5.1

1. Defendants acted with fraud, malice, oppression, and conscious indifference.

2. Punitive damages are necessary to deter future similar misconduct.

# VI. DAMAGES

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

Plaintiffs have suffered substantial damages as a direct and proximate result of Defendants' unlawful, deceptive, abusive, fraudulent, and coercive conduct.Plaintiffs seek all forms of relief permitted under federal and Georgia law, including compensatory, statutory, equitable, and punitive damages. The harm inflicted by Defendants was severe, intentional, medically dangerous, and financially devastating. The following categories of damages reflect losses sustained directly and foreseeably from Defendants. The categories of recoverable damages include, but are not limited to, the following:

## A. Actual and Compensatory Damages

Plaintiffs suffered extensive actual damages, including but not limited to:

1. Loss of use of their vehicle due to Tesla's wrongful disablement.

2. Rental car expenses incurred to travel for work, medical needs, and family emergencies.

3. Transportation disruption requiring Plaintiff's minor son to drive her to work and retrieve medication from the locked vehicle.

4. Damage to Plaintiffs' financial well-being.

5. Costs incurred defending the baseless Writ of Possession action in state court.

6. Repossession-related fear, threats, and loss of personal autonomy.

7. Emotional injuries including anxiety, depression, fear, humiliation, loss of sleep, and long-term psychological harm arising from Defendants' coercive and deceptive conduct.

These damages collectively exceed $1,500,000 in quantifiable and non-quantifiable harm.

## B. Statutory Damages Under Federal Law

Plaintiffs seek statutory damages under federal consumer protection laws, including:

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

1. TILA statutory damages

2. FDCPA statutory damages up to $1,000 per plaintiff

3. ECOA punitive/statutory damages up to $10,000

4. Any statutory damages available under the Consumer Financial Protection Act (CFPA)

These damages are separate from and in addition to compensatory damages.

## C. General Damages for Emotional Distress

Defendants' conduct caused Plaintiffs severe emotional distress, including:

- Anxiety requiring prescription medication

- Panic, humiliation, and fear

- Loss of sleep and chronic stress

- Emotional destabilization due to repeated threats, contradictions, and coercive demands

- Distress caused to Plaintiffs' children, who were forced to retrieve medication and witness their mother's suffering

These damages exceed $2,500,000.

## D. Damages for Bad Faith Litigation

Tesla and Solomon & Baggett filed a Writ of Possession action based on a knowingly false default, supported by a sworn affidavit contradicted by their own internal emails.

Plaintiffs seek damages under:

- O.C.G.A. § 9-15-14 (frivolous litigation)

Page 1 of 28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

- O.C.G.A. § 13-6-11 (attorney fees for bad faith, stubborn litigiousness, unnecessary trouble & expense)

These damages exceed $500,000.

## E. Aggravated Damages for Interference With Medical Treatment

Tesla's conduct directly disrupted Plaintiff's chemotherapy regimen, causing:

- two missed chemotherapy doses

- inability to access medication in the disabled vehicle

- medical anxiety requiring treatment

- emotional breakdowns confirmed by Tesla's own employee

These aggravated damages exceed $1,000,000.

## F. Damages for Fraud, Conspiracy, and Abuse of Process

Defendants' coordinated actions — including false statements, contradictory emails, fabricated defaults, coercive 24-hour ultimatums, and the misuse of judicial process — justify significant compensatory awards exceeding $1,500,000.

## G. Punitive Damages — O.C.G.A. § 51-12-5.1

Punitive damages are warranted where Defendants acted with:

- malice

- fraud

Page 1 of 29

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

- willful misconduct

- wantonness

- oppression

- conscious indifference to consequences

Tesla and Santander:

- knowingly disabled a cancer patient's vehicle

- ignored repeated warnings about medical necessity

- prevented access to chemotherapy medication

- issued coercive threats despite no payment being due

- filed a lawsuit based on knowingly false statements

- submitted a false sworn affidavit

- attempted to seize the vehicle while denying the contract existed

- caused emotional, medical, financial, and psychological injury

Tesla's own employee in an apologetic nature , confirming that the harm inflicted was known internally and emotionally disturbing even to staff.

Given the severity of the misconduct, the degree of danger created, the malicious disregard for human health, and the financial capacity of the Defendants, Plaintiffs seek punitive damages in the amount of:

## $35,000,000

This figure falls squarely within the range justified by Defendants' intentional and medically dangerous misconduct. A jury could reasonably award even higher punitive damages. Indeed, juries often enhance punitive awards by an additional $5–10 million in cases involving emotional

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

apologetic nature of the tesla employee, medical interference, and coordinated corporate abuse, meaning a verdict could reach $40 million or more.

Punitive damages are necessary to punish Defendants and deter similar misconduct nationwide.

## H. Total Damages Sought

Plaintiffs seek a total combined award of:

$35,000,000 in compensatory, statutory, and punitive damages

plus all available equitable and injunctive relief.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Thimisha Ragin-Stephens and Henry Stephens, Jr. respectfully request that this Court enter judgment in their favor and against Defendants Tesla, Inc., Santander Consumer USA, and Solomon & Baggett, LLC, and award the following relief:

## A. Declaratory Relief

1. A declaration that Plaintiffs executed a valid and enforceable Retail Installment Sales Contract on July 3, 2025.

2. A declaration that Defendants' claims of default were false, fabricated, and unsupported by any contractual or factual basis.

3. A declaration that Defendants' lien claims are invalid, unenforceable, or void.

4. A declaration that Tesla's remote immobilization of Plaintiffs' vehicle was unlawful.

5. A declaration that Defendants violated TILA, ECOA, FDCPA, CFPA, GFBPA, and Georgia common law through their conduct.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

## B. Injunctive Relief

6.  An injunction prohibiting Defendants from:

   a. repossessing, disabling, or immobilizing Plaintiffs' vehicle;

   b. attempting to collect any alleged debt arising from the false default;

   c. reporting inaccurate credit information;

   d. using coercive tactics or threats to demand new contract signatures.

7.  An order compelling Tesla to immediately:

   a. file proper title documents, or

   b. surrender the MCO or all documentation needed for Plaintiffs to obtain title independently.

## C. Quiet Title & Lien Determination

8.  A judgment quieting title in Plaintiffs' favor.

9.  A declaration that Defendants possess no valid lien or security interest in the vehicle.

## D. Constructive Trust & Equitable Remedies

10. The imposition of a constructive trust over:

   a. the $7,500 federal EV tax-credit benefit wrongfully retained by Tesla;

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

    b. any proceeds, rights, or financial advantages obtained through Defendants' deceptive conduct;

    c. any lien or claim asserted against Plaintiffs.

11. Disgorgement of all unjustly retained benefits, including the federal tax-credit value and any profits gained through Defendants' misconduct.

## E. Compensatory, Actual & Special Damages

12. Compensatory damages for:

    a. emotional distress, anxiety, insomnia, and psychological injury;

    b. loss of sleep and loss of quality of life;

    c. missed medication doses and interference with medical treatment;

    d. rental car expenses and transportation costs;

    e. loss of use of Plaintiffs' vehicle;

    f. damage to credit standing;

    g. costs arising from Plaintiffs' need for additional employment;

    h. all expenses incurred defending the wrongful Writ of Possession;

    i. all consequential damages flowing from Defendants' misconduct.

These damages exceed $3,500,000.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

## F. Statutory Damages Under Federal Law

13. Statutory damages under:

    a. TILA;

    b. FDCPA;

    c. ECOA (including punitive statutory damages up to $10,000);

    d. CFPA;

    e. GFBPA (including treble damages for intentional violations).

## G. Damages for Bad Faith Litigation

14. Damages under O.C.G.A. §§ 9-15-14 and 13-6-11 for Defendants' filing of a knowingly false sworn affidavit, frivolous litigation, stubborn litigiousness, and unnecessary trouble and expense.

## H. Punitive Damages — O.C.G.A. § 51-12-5.1

15. Punitive damages in the amount of:

## $35,000,000

to punish Defendants for their willful, malicious, oppressive, fraudulent, and medically dangerous conduct, and to deter similar misconduct by large corporations in the future.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

Plaintiffs further note that juries routinely enhance punitive awards beyond the baseline amount, and a jury could reasonably add $5–10 million depending on the evidence presented, particularly the emotional apologetic nature  and medical disruption.

## I. Attorney's Fees and Costs

16. Attorney's fees and litigation costs as permitted under:

- TILA

- FDCPA

- ECOA

- CFPA

- GFBPA

- O.C.G.A. §§ 9-15-14 and 13-6-11

- And the Court's equitable powers

## J. Additional Relief

17. Any other relief the Court deems just, proper, equitable, or necessary to fully compensate Plaintiffs, restore their rights, and punish Defendants' misconduct.

## VIII. JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable as a matter of right under the United States Constitution and applicable federal and state law.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

**Exhibit A – Copy of the RISC**

**Exhibit B – This Notice to Preserve Evidence**

Respectfully submitted,

This ___ day of _December_, 2025.

/s/ Thimisha Ragin-Stephens

**Thimisha Ragin-Stephens**

Plaintiff, Pro Se
221 Indian Lake Trail.
Villa Rica GA 30180
Phone: 786-714-6190
Email: tstephensinfo@gmail.com

/s/ Henry Stephens, Jr.

**Henry Stephens, Jr.**

Plaintiff, Pro Se
221 Indian Lake Trail
Villa Rica, GA 30180
Phone: 786-714-6190
Email: hstephens32@gmail.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION