IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| THIMISHA RAGIN-STEPHENS, *et al.*, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:25-cv-00260-LMM-RGV |
| | : | |
| TESLA, INC., *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case is before the Court on the Magistrate Judge's Report and

Recommendation ("R&R") [47] recommending that Defendants Tesla, Inc.,

Santander Consumer USA, Inc., and Solomon & Baggett, LLC's Motions for

Arbitration [17, 23, 30] be granted. Plaintiffs have filed objections to the R&R. Dkt.

No. [49]. Defendants have responded to Plaintiffs' objections. Dkt. Nos. [50, 51,

52]. After due consideration, the Court enters the following Order.

### I.    LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's

Report and Recommendations for clear error if no objections are filed. 28 U.S.C. §

636(b)(1). If a party files objections, however, the district court must review *de*

*novo* any part of the Magistrate Judge's disposition that is the subject of a proper

objection. <u>Id.</u>

Additionally, the Court recognizes that Plaintiffs are appearing *pro se*. Thus, Plaintiffs' filings are more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). But nothing in that leniency excuses a plaintiff from complying with threshold requirements of the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1998). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Ashcroft v. Iqbal, 556 U.S. 662 (2009).

## II.   DISCUSSION

In July 2025, Plaintiffs Thimisha Ragin-Stephens and Henry Stephens, Jr. signed a Retail Installment Sale Contract ("RISC") for the purchase and finance of a Tesla Model Y vehicle. Dkt. No. [4] at 6. Plaintiffs and Defendant Tesla, Inc. ("Tesla") executed the signed RISC, and Defendant Tesla delivered possession of the vehicle to Plaintiffs. Id. Notably, next to each of their signatures, Plaintiffs added the following language: "Without Recourse, UCC 1-308." See Dkt. No. [30-2] at 5–9. A few days after the signing, Defendant Tesla's Funding Resolution team contacted Plaintiffs, informing them that there was an issue finalizing Plaintiffs' loan for the financing of the vehicle. Dkt. No. [4] at 6–7. Defendant Tesla explained that Defendant Santander Consumer USA, Inc. ("Santander") was not willing to

fund the loan because of the extra verbiage that Plaintiffs included with their signatures. Id. at 7. Defendant Tesla then "demanded Plaintiffs sign a new 'clean' RISC stripped" of the extra verbiage so their loan could be funded. Id. Plaintiffs declined to sign a new RISC, contending that "the contract was complete, valid, and enforceable under Georgia law." Id.

Because Plaintiffs refused to correct the signatures, Defendant Tesla informed Plaintiffs that they must return the vehicle, or otherwise, Defendant Tesla would seek repossession. Id. at 8–9. Plaintiffs did not return the vehicle, and Plaintiffs allege that Defendant Tesla issued a written notice, claiming that the balance of the vehicle was due in full and that Plaintiffs were in "material breach." Id. at 9. Later, in August 2025, Plaintiffs received a debt-collection letter from Defendant Solomon & Baggett, LLC ("Solomon") regarding Plaintiffs' outstanding debt related to the vehicle. Id. Plaintiffs disputed the debt, and in September, Defendant Solomon, on behalf of Defendant Tesla, filed a petition for a writ of possession in the State Court of Carroll County. Id. at 9–10. Later, Plaintiffs filed suit in this Court against the Defendants, and shortly after, filed their Amended Complaint, asserting 21 claims against Defendants for improperly placing a lien on their vehicle, breaching the terms of the RISC, and conspiring with each other regarding the attempted repossession of their vehicle. Dkt. No. [47] at 11 (citing Dkt. No. [4]). In response, Defendants moved to compel arbitration, contending that the RISC contained an enforceable "Agreement to Arbitrate," Dkt. Nos. [17, 23, 30], and Plaintiffs opposed Defendants' Motions. Dkt. No. [33].

The Magistrate Judge recommended granting Defendants' Motions for Arbitration, finding that: (1) the parties' RISC was a valid agreement with an enforceable arbitration clause; (2) Plaintiffs' claims arose from the purchase and finance of the vehicle and thus the arbitration provision covered Plaintiffs' claims; (3) non-signatories to the RISC have standing to enforce the contract's arbitration provision; and (4) Defendant Tesla did not waive its right to enforce the arbitration provision. Dkt. No. [47] at 17–34. Plaintiffs raise several objections to the Magistrate Judge's holdings, Dkt. No. [49] at 1–8, and Defendants filed responses to Plaintiffs' objections, Dkt. Nos. [50, 51, 52]. The Court addresses the parties' arguments below.

Plaintiffs' first objection contends that the Magistrate Judge erroneously held that the RISC was a valid, enforceable agreement. Dkt. No. [49] at 1–2. In the R&R, the Magistrate Judge held that there was no genuine dispute that the parties mutually agreed to the RISC because, under Georgia law, a signature is a confirmation of a parties' assent. Dkt. No. [47] at 20. Additionally, although a problem arose with the way Plaintiffs signed the document, the Magistrate Judge held that "the requirement of a signed RISC is a condition precedent to the parties' obligation to perform under the agreement, not evidence of a lack of mutual assent." Id. at 20–21. Plaintiffs object to this holding and argue that the record evidence demonstrates a genuine dispute as to contract formation. Dkt. No. [49] at 1–2. Specifically, Plaintiffs argue that Defendant Tesla's own statement that the

4

signatures "could not be accepted" creates a factual dispute as to whether there was mutual assent to form the contract. Id. at 2.

The Court disagrees with Plaintiffs and overrules this objection. To form a valid contract under Georgia law, "there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." O.C.G.A. § 13-3-1. "Thus, unless and until there is the mutual assent of the parties to all essential terms, there is no complete and enforceable contract." Extremity Healthcare, Inc. v. Access To Care Am., LLC, 793 S.E.2d 529, 534 (Ga. Ct. App. 2016) (citing TranSouth Fin. Corp. v. Rooks, 604 S.E.2d 562, 564–65 (Ga. Ct. App. 2004)). "And if the contract is unenforceable for lack of mutual assent, an arbitration clause contained within the contract is likewise unenforceable." Id. (citing TranSouth Fin. Corp., 604 S.E.2d at 565). "In determining whether there was a mutual assent, courts apply an objective theory of intent whereby one party's intention is deemed to be that meaning a reasonable man in the position of the other contracting party would ascribe to the first party's manifestations of assent, or that meaning which the other contracting party knew the first party ascribed to his manifestations of assent." Turner Broad. Sys. Inc. v. McDavid, 693 S.E.2d 873, 878 (Ga. Ct. App. 2010) (citation omitted).

There is no dispute that, on July 3, 2025, Plaintiffs signed the RISC to purchase and finance the vehicle. Dkt. No. [4] at 6; Dkt. No. [30-1] at 7–8. But Plaintiffs contend that Defendant Tesla's representation that it would "not accept

[Plaintiffs'] signatures" creates a material factual dispute as to formation, Dkt. No. [49] at 2, but the Court disagrees. There is no dispute that the parties signed the RISC, and under Georgia law, "[t]he affixing of [] signatures to the instrument by the parties shows their mutual assent to its terms and provisions." Extremity Healthcare, Inc., 793 S.E.2d at 535 (quoting Russell v. Smith, 47 S.E.2d 772 (Ga. Ct. App. 1948)); see Ayer v. Norfolk Timber Inv., LLC, 662 S.E.2d 221, 224 (Ga. Ct. App. 2008) (noting that "any writing . . . in which the party charged admits, over his signature, all of the terms of the contract insisted upon by the opposite party, is sufficient" to provide his assent to the contractual terms). Plaintiffs point to Defendant Tesla's statements and conduct after the signing of the RISC to demonstrate that the parties lacked mutual assent, but the Court is not persuaded. As the Magistrate Judge correctly pointed out, contract formation is viewed as of the time it was made and not in light of subsequent events. See Wright v. Nelson, 856 S.E.2d 421, 424 (Ga. Ct. App. 2021) (noting that "an agreement between two parties will occur only when the minds of the parties meet at the same time"). Thus, Plaintiffs' contentions regarding Defendants' conduct and statements several days after the signing are immaterial to the determination of mutual assent and contract formation. Here, the Court agrees with Defendants and the Magistrate Judge that, even considering Defendant Tesla's post-signature conduct and statements, the parties mutually assented to the RISC through affixing their signatures to the agreement. Thus, the Magistrate Judge did not err in finding that the RISC was a valid contract with an enforceable "Agreement to Arbitrate."

6

Second, Plaintiffs also object to the Magistrate Judge's decision on waiver. Dkt. No. [49] at 2–3. In response to Defendant Tesla's Motion for Arbitration, Plaintiffs argued that Defendant Tesla waived its right to arbitrate by not electing arbitration when the dispute arose, and instead, choosing judicial enforcement in a Georgia writ proceeding. Dkt. No. [33] at 3–4. Because the RISC's "Agreement to Arbitrate" delegated the issue of waiver to the arbitrator, the Magistrate Judge honored this provision and held that the arbitrator should decide whether Defendant Tesla waived the arbitration provision. Dkt. No. [47] at 30–31 (citing Dkt. No. [30-2] at 9). In the alternative, even if the waiver issue had not been delegated to the arbitrator, the Magistrate Judge held that Defendant Tesla did not act inconsistently with its arbitration rights and thus did not waive its right to arbitration of Plaintiffs' claims. Id. at 31–33.

Plaintiffs object, contending that the R&R should not have delegated the waiver issue to the arbitrator without first addressing whether the RISC was a valid agreement. Dkt. No. [49] at 2. The Court disagrees. Contrary to Plaintiffs' assertion, the R&R expressly determined that the RISC and "Agreement to Arbitrate" were valid and enforceable. Dkt. No. [47] at 17–22. After making this determination, albeit not in Plaintiffs' favor, the Magistrate Judge decided that the RISC and arbitration provision expressly delegated the waiver issue to the arbitrator. Thus, contrary to Plaintiffs' argument, the Magistrate Judge did, in fact, decide the validity of the RISC and "Agreement to Arbitrate" before deciding

7

whether the waiver issue had been delegated to the arbitrator. Therefore, this objection is overruled.[1]

Third, Plaintiffs contends that the Magistrate Judge improperly extended arbitration rights to Defendant Solomon. Dkt. No. [49] at 3–4. In response to Defendant Solomon's Motion for Arbitration, Plaintiffs argued that Defendant Solomon cannot compel arbitration, particularly where (1) Defendant Solomon was not a signatory or assignee to the RISC and (2) Plaintiffs do not seek to enforce the contract against Defendant Solomon. Dkt. No. [33] at 5. The Magistrate Judge disagreed, finding that (1) Defendant Solomon was "a 'third party' or such related party as referenced in the Arbitration Provision" and (2) equitable estoppel applies to allow Defendant Solomon to compel arbitration. Dkt. No. [47] at 28. Plaintiffs object to these holdings and argue that Defendant Solomon cannot compel arbitration because Plaintiffs' claims against Defendant Solomon arise from the debt-collection and litigation activity, rather than any duty created by the RISC. Dkt. No. [49] at 3–4.

"Typically, an individual who has not consented to an arbitration agreement cannot be compelled to arbitrate claims." Helms v. Franklin Builders, Inc., 700 S.E.2d 609, 612 (Ga. Ct. App. 2010). But as found by Georgia courts, "the theory of

---

[1] Plaintiffs also objected to the R&R's holding that Defendant Tesla did not waive its right to arbitration. Dkt. No. [49] at 2–3. Because this was an alternative holding, the Court declines to rule on this objection, especially where the Magistrate Judge's primary holding—that the RISC expressly delegated the issue of waiver to the arbitrator—decisively resolves this issue.

equitable estoppel provides one basis for bringing a nonsignatory within an arbitration agreement." LaSonde v. CitiFinancial Mortg. Co., 614 S.E.2d 224, 226 (Ga. Ct. App. 2005) (citing Lankford v. Orkin Exterminating Co., 597 S.E.2d 470, 474 (Ga. Ct. App. 2004)). "For example, when a plaintiff who has executed a contract containing an arbitration agreement sues both a signatory to that contract and a nonsignatory, the nonsignatory can successfully compel arbitration of claims against him that relate to the contract." Id. "In those cases, the plaintiff—who chose to sue the nonsignatory for claims arising out of the contract—is estopped from avoiding arbitration of those claims." Id.

The Court agrees with the Magistrate Judge that estoppel is appropriate here, because Plaintiffs' Complaint alleges interdependent and concerted misconduct by Defendant Solomon and signatories to the arbitration agreement. Notably, Plaintiffs' claims against all Defendants arise from the transaction involving the purchase and finance of the vehicle, and importantly, Plaintiffs alleged that the Defendants were acting in concert when they took their actions related to the vehicle. See Dkt. No. [4] 11, 18 (alleging a "civil conspiracy" between the named Defendants and that they "acted in concert to create and enforce a false default"). Thus, although Plaintiffs raise allegations against Defendant Solomon for its actions surrounding debt-collection, their Complaint contends that the Defendants acted in concert regarding the violation of the RISC, and therefore, the Court holds that Defendant Solomon, though not a signatory to the RISC, may enforce the "Agreement to Arbitrate." Therefore, the Court overrules this objection.

Lastly, Plaintiffs raise the following evidentiary objections to the R&R: (1) the Magistrate Judge improperly disregarded evidence of a declaration and transcript regarding Defendant Tesla's post-signature statements; (2) Plaintiffs' audio evidence further confirms the factual dispute regarding contract formation; and (3) newly developed evidence confirms a genuine dispute as to which Defendant has the right to enforce the arbitration provision. Dkt. No. [49] at 4–8. The Court overrules each of these objections.

In response to Defendants' Motion for Arbitration, Plaintiffs submitted a notice of supplemental evidence which included a second declaration from Plaintiff Ragin-Stephens and a transcript of a recorded call between Plaintiff Ragin-Stephens and a representative of Defendant Tesla. See Dkt. No. [40]. Defendant Tesla opposed the admissibility of the transcript, contending that the "authenticity, reliability, completeness, and ultimate admissibility" of the transcript should be called into question. Dkt. No. [42] at 1–2. The Magistrate Judge agreed and declined to consider the transcript of the recorded call. Dkt. No. [47] at 4 n.4. Plaintiffs object, contending that the Magistrate Judge's decision to disregard this evidence improperly applied a trial-level evidentiary standard at a pre-discovery stage. Dkt. No. [49] at 5. Plaintiffs also contend that they have cured the concerns regarding admissibility by submitting an audio recording of the call and a supporting declaration. Id. at 7–8.

The Court overrules these objections. First, under Eleventh Circuit precedent, the standard for resolving motions to compel arbitration is "summary-

judgment like." In re Checking Acct. Overdraft Litig., 754 F.3d 1290, 1294 (11th Cir. 2014). Thus, despite Plaintiffs' contentions that the Court should not examine the authenticity and the admissibility of their filings and declarations, the summary-judgment standard requires such. See, e.g., Saunders v. Emory Healthcare, Inc., 360 F. App'x 110, 113 (11th Cir. 2010) ("To be admissible . . . for summary judgment, a document must be authenticated by and attached to an affidavit that meets the requirement of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."); Snover v. City of Starke, Fla., 398 F. App'x 445, 449 (11th Cir. 2010) ("Authentication is a condition precedent to admissibility."). Therefore, the R&R did not employ an improper evidentiary standard when it determined that Plaintiffs did not properly authenticate the transcript of the recorded call. Alternatively, even if the Court or the Magistrate Judge considered the transcript—following the submission of the audio recording—the Court finds that its holding would not differ. Plaintiffs rely on the transcript as evidence of Defendant Tesla's representation that it could not accept Plaintiffs' signatures, Dkt. No. [49] at 4–5, but this Court and the Magistrate Judge have determined that this evidence was immaterial to the determination of mutual assent and contract formation. Therefore, the Court overrules Plaintiffs' objection regarding the Magistrate Judge's decision to not consider Plaintiffs' transcript.

Plaintiffs' next objection contends that newly developed evidence confirms Plaintiffs' allegations that there is a genuine dispute as to formation and

11

enforceability of the RISC. Dkt. No. [49] at 6. Specifically, Plaintiffs contend that, since the signing of the RISC, there has been an uncertainty regarding the creditor for the vehicle purchase and whether Defendant Tesla or Santander possessed the authority to enforce the RISC. Id. Mainly, Plaintiffs argue that new evidence and admissions create a dispute as to whether Defendant Tesla possesses any contractual right to invoke arbitration. Id. at 6–7.

The Court overrules this objection. Notably, these arguments regarding (1) Defendant Tesla's authority to enforce the agreement and (2) whether Defendant Tesla assigned its interests to Defendant Santander were contentions not raised before the Magistrate Judge. See generally Dkt. No. [33]. And "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2007). District courts generally exercise this discretion to decline to consider new arguments absent a compelling reason to do so. See, e.g., Stevenson v. Delta Air Lines, Inc., No. 1:16-cv-2571-AT, 2021 WL 5168274, at *1 n.2 (N.D. Ga. Sept. 29, 2021). The Court does not find a compelling reason here, particularly where Plaintiffs have previously presented similar arguments regarding the enforceability of the RISC. Uncertainty regarding whether Defendant Tesla or Defendant Santander had the right to enforce the agreement is a critical issue that Plaintiffs should have addressed in response to Defendants' Motions for Arbitration. Although Plaintiffs are appearing *pro se*, the Court finds that Plaintiffs have raised numerous arguments regarding the validity and enforceability of the

12

RISC, and an argument regarding Defendant Tesla's assignment rights should have been presented to the Magistrate Judge. Because it was not, the Court exercises its discretion to not consider this argument, and this objection is overruled. See Williams, 557 F.3d at 1292 ("Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." (quoting U.S. v. Howell, 231 F.3d 615, 622 (9th Cir. 2000))); Worley v. City of Lilburn, 408 F. App'x 248, 253 (11th Cir. 2011) (finding no abuse of discretion where the district judge declined to consider evidence and arguments not made to the magistrate judge).

## III.   CONCLUSION

In accordance with the foregoing, the Court **OVERRULES** Plaintiffs' Objections [49] and **ADOPTS** the Report and Recommendation [47] as the opinion of the Court: Defendants' motions to compel arbitration and stay the case, Dkt. Nos. [17, 23, 30], are **GRANTED**, and this action is **STAYED** for arbitration. The parties are **ORDERED** to notify the Court within seven days of the arbitration's completion or if the case is otherwise resolved. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case.[2]

---

[2] Administrative closure of a case does not prejudice the rights of the parties to litigation in any manner. The parties may move to re-open an administratively closed case at any time.

**IT IS SO ORDERED**, this 14th day of July, 2026.

_____
**Leigh Martin May**
**Chief United States District Judge**